In re VÍCTOR RIVERA COLÓN, querellado.

Número 94.
*Sometido:* 6 de febrero de 1958. *Resuelto:* 16 de octubre de 1959.

*Guillermo S. Pierluisi,* abogado del querellado; *Hon. Secretario de Justicia Hiram R. Cancio (J. B. Fernández Badillo, Ex-Secretario de Justicia,* y *Arturo Estrella, Secretario Auxiliar de Justicia,* en el Informe del Fiscal al Tribunal), y *Alfredo Archilla Guenard, Fiscal del Tribunal Supremo,* abogados de El Pueblo.

## RESOLUCIÓN

POR CUANTO: El Fiscal de este Tribunal presentó contra el Lic. Víctor Rivera Colón una querella imputándole (1) una violación voluntaria y maliciosa de los cánones números 15 y 22 de los "Cánones de Etica Profesional que Regirán la Conducta de los Abogados de Puerto Rico", porque en una instancia ante este Tribunal en el caso de *Rafael A. Bernabe y Manuel Benítez Flores,* demandantes y apelados v. *Marcus Bahr,* demandado y apelante, civil número 12,082 sobre Injunction, al solicitar la reconsideración de la desestimación del recurso, decretada por este Tribunal por razón de abandono, alegó falsamente que la transcripción de la evidencia requerida por Ley estaba debidamente radicada en el Tribunal Superior de Puerto Rico, Sala de San Juan, pendiente que dicho Tribunal señalara la vista correspondiente para la aprobación de la misma, constándole al querellado que solo estaba radicada parte de dicha transcripción y además por no haber actuado de buena fe al alegar adicionalmente en la antes referida reconsideración que por un olvido o confusión en sus señalamientos no había radicado su oposición a la moción de desestimación radicada por la parte apelada, cuando lo cierto es que tan pronto fue notificado de la moción de desestimación, se movió rápida y activamente en el Tribunal Superior de Puerto Rico tratando de perfeccionar la apelación que había dejado morir por abandono, antes de que este Tribunal fuera finalmente a desestimar su apelación, a sabiendas de que no es profesional ni honorable no ajustarse a la sinceridad de los hechos al formular tales alegaciones; (2) porque al radicar la moción de reconsideración a que se

refiere el cargo anterior hizo graves y serias imputaciones a su compañero abogado, representante de la parte apelada, afirmando que las alegaciones de la moción de desestimación no se ajustaban a la verdad y que había sorprendido la buena fe de este Tribunal, imputaciones que resultan ser falsas e infundadas y lesionan el buen nombre, el honor y la reputación de su compañero y hermano en el foro.

POR CUANTO: El canon 15 de los "Cánones de Etica Profesional que Regirán la Conducta de los Abogados de Puerto Rico", le prohibe al abogado hacer alegaciones falsas con el propósito de salir triunfante en las causas a él confiadas y el canon 22 dispone que no es profesional ni honorable no ajustarse a la sinceridad de los hechos al redactar una alegación.

POR CUANTO: Referido este caso al Juez Ramón Cancio para que procediera a oir la prueba, certificarla debidamente y remitirla a este Tribunal con sus conclusiones de hecho, el Juez Ramón Cancio envió su informe dando por probados en su totalidad los cargos formulados contra el querellado.

POR CUANTO: Estudiadas las objeciones del querellado al informe del Juez Cancio, y examinada la prueba que tuvo ante sí dicho magistrado, es clara la violación al canon 15 y al canon 22 de los "Cánones de Etica Profesional que Regirán la Conducta de los Abogados de Puerto Rico", aunque de la prueba se desprende que hubo circunstancias especiales que le hicieran creer al querellado, que si no la totalidad, por lo menos la parte sustancial de dicha transcripción de evidencia, ya estaba preparada y radicada en el Tribunal Superior de Puerto Rico, Sala de San Juan, y al incurrir de buena fe, el abogado de la parte apelada en ciertas omisiones al radicar su moción de desestimación, que si no excusan la violación de los referidos cánones por el querellado, aminoran su nocivo efecto sobre la mejor práctica de nuestra profesión y la administración de la justicia.

POR TANTO: Este Tribunal resuelve censurar, como por la presente censura, al Lic. Víctor Rivera Colón por su conducta en relación con la radicación de la Moción de Reconsideración en el caso arriba titulado y numerado.

Lo acordó el Tribunal y firma el señor Juez Presidente Interino.